MATTHEW B. GOLPER (SBN 275979)
mgolper@goldbergsegalla.com
NOLAN MCCREADY (SBN 300684)
nmccready@goldbergsegalla.com
GOLDBERG SEGALLA LLP
2600 Michelson Drive, Suite 900
Irvine, CA 92612-6507
**Mailing Address:**
P.O. Box 17520
Los Angeles, CA 90017
Telephone:  949-271-3324
Facsimile:   949-271-3399

Attorneys for Defendant
ALLEN DISTRIBUTION, LP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET UGALE, individually, and on behalf of other members of the general public similarly situated,<br><br>                                  Plaintiff,<br><br>         v.<br><br>ALLEN DISTRIBUTION, LP, a Pennsylvania limited partnership; and DOES 1 through 100, inclusive,<br><br>                                  Defendants. | Case No.<br><br>**DEFENDANT, ALLEN DISTRIBUTION, LP'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332(A) (DIVERSITY)**<br><br>(Filed concurrently with Declaration of Matthew B. Golper in Support of Notice of Removal; Declaration of AnnaMaria C. Ogilvie in Support of Notice of Removal; Corporate Disclosure Statement; Civil Case Cover Sheet) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Allen Distribution, LP, hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, and removes this action from the Superior Court of California for the County of San Joaquin on the basis of diversity jurisdiction under § 1332(a). The grounds for removal are stated below.

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. Plaintiff Janet Ugale ("Plaintiff") filed an unverified Class Action Complaint against Defendant on July 8, 2020 in the Superior Court of the State of California for the County of San Joaquin entitled *Ugale v. Allen Distribution, LP, et al.* Case No. STK-CV-UOE-2020-0005807 (the "Complaint").

2. In the Complaint, Plaintiff asserts eight causes of action against Defendant alleging: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and (8) Violation of California Business & Professions Code §§ 17200, *et seq.*

3. Defendant was formally served with the Complaint on July 27, 2020. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Matthew B. Golper in support of Notice of Removal (Diversity) ("Golper Decl."), submitted herewith.

4. The Summons, Civil Case Cover Sheet, Alternative Dispute Resolution Information Packet, Notice of Case Assignment and Notice of Hearing, ADR

Stipulation Form, and Proof of Service of Summons are attached as **Exhibit B** to Mr. Golper's Declaration submitted herewith.

5. Prior to the filing of Defendant's Notice of Removal, Defendant's counsel reviewed the San Joaquin County Superior Court's online docket regarding the above-captioned action. Based on that review, and to the best of Defendant's counsel's knowledge, the foregoing Complaint, the pleadings, and documents attached to the Golper Declaration as Exhibits A and B constitute all of the process, pleadings, orders, and other documents received by Defendant and/or filed in the state court action in San Joaquin County Superior Court. (*See* Golper Decl., ¶ 3.)

## TIMELINESS OF REMOVAL

6. Defendant was formally served with the Complaint on July 27, 2020. (Golper Decl., ¶ 3; Declaration of AnaMara C. Ogilvie ("Ogilvie Decl."), ¶ Accordingly, this Notice of Removal has been filed within thirty (30) days after service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of the complaint through some other means). This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. § 1446(b).

## NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the San Joaquin County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446(d) have been met.

## VENUE IS PROPER

8. Venue of this action lies in the United States District Court for the Eastern District of California pursuant to U.S.C. §§ 1441 et seq. and 1391(a) because this is the judicial district of this Court in which the action arose and Plaintiff alleges

GOLDBERG SEGALLA LLP
P.O. Box 17520
Los Angeles, CA  90017
949-271-3324

(a) she performed work in the County of San Joaquin, and (b) Defendant maintains offices, transact business and/or have agents in the County of San Joaquin. (*See* Complaint, ¶ 4.)

## **DIVERSITY JURISDICTION – 28 U.SC. § 1332(a)**
## **Complete Diversity of Citizenship Exists Between the Parties**

9. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004). Defendant properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties.

10. Plaintiff is, and at all relevant times, was a citizen of California within the meaning 28 U.S.C. section 1332(a). For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Plaintiff avers that she was a California resident at all times relevant to this action. (*See* Complaint ¶ 5.)

11. For diversity purposes, a partnership entity, unlike a corporation, does not rank as a citizen; to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side. *Carden v. Arkoma Associates*, 494 U.S. 185, 189, 192-197 (1990).

12. Allen Distribution is a Pennsylvania limited partnership that consists of one general partner and seventeen (17) limited partners, all of which are domiciled in Pennsylvania or Texas. (*See* Ogilvie Decl., ¶ 4.)

13. Moreover, Plaintiff admits that Defendant is a Pennsylvania limited partnership. (*See* Complaint, ¶ 6.)

14. The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be

disregarded."); *see also Newcombe v. Adolf Coors Co.*, 157 F.2d 686, 690-91 (9th Cir 1988).

15. Accordingly, complete diversity exists between Plaintiff, a citizen of California, and Allen Distribution, LP, a Pennsylvania limited partnership of which all partners, both general and limited, are domiciled in Pennsylvania or Texas.

**The $75,000.00 Amount in Controversy Requirement is Satisfied**

16. This Action also meets the amount in controversy requirement for removal based on diversity jurisdiction. 28 U.S.C. Section 1332(a) authorizes the removal of cases in which there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 401 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019)* (citing *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation "whatever the likelihood that [the plaintiff] will actually recover them")).

18. The amount in controversy may include general and special compensatory damages and attorneys' fees recoverable by statute. *Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367, *cert denied*, 459 U.S. 945 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought, including attorneys' fees. *See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). The Ninth Circuit has made clear that statutory attorneys' fees are included as a basis for determining the jurisdictional amount in controversy. *See Galt*, 142 F.3d at 1155-56. In determining whether the amount in controversy meets the jurisdictional minimum, attorneys' fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp. at 1035.

19. Without admitting Plaintiff is entitled to recover any damages whatsoever or that Defendant is liable to Plaintiff in any way, based the allegations in the Complaint and the reasonable assumptions to be drawn from those allegations, the amount in controversy with respect to Plaintiff's individual claims exceeds $75,000, the jurisdictional requirement of this Court.

20. Plaintiff was employed by Defendant from January 2, 2018 through May 11, 2019 and worked approximately 71 workweeks during this time. (Complaint ¶ 18.) Plaintiff's most recent hourly rate was $16.95 per hour. (Ogilvie Decl., ¶ 7). Plaintiff's average rate of pay throughout her 71 weeks of employment was approximately $15.83 per hour. (Ogilvie Decl., ¶ 8).

21. Plaintiff alleges that throughout her employment with Defendant:
   a. she was not properly paid overtime. (Complaint, ¶ 49);
   b. she was required to work over five and ten hours per day and was not provided proper meal periods and was not paid meal period premiums. (Complaint, ¶ 61)
   c. she was not paid minimum wages for the hours she worked. (Complaint, ¶ 76);

      d.    she was not paid unpaid wages within seventy-two (72) hours of the end of her employment with Defendant. (Complaint, ¶ 28);

      e.    she was not issued proper wage statements by Defendant. (Complaint, ¶ 87); and

      f.    she was not reimbursed for her work-related expenses. (Complaint, ¶ 94).

22. Plaintiff alleges that as a result of the foregoing, she is entitled to recover:

      a.    unpaid overtime wages (Complaint, Prayer for Relief at ¶ 5);

      b.    unpaid straight time wages (Complaint, Prayer for Relief at ¶¶ 11, 18, and 24);

      c.    statutory penalties; (Complaint, Prayer for Relief at ¶¶ 36 and 41);

      d.    civil penalties; (Complaint, Prayer for Relief at ¶ 41);

      e.    actual damages; (Complaint, Prayer for Relief at ¶¶ 12, 30, 35, and 40);

      f.    pre-judgment interest; (Complaint, Prayer for Relief at ¶¶ 14, 21, 25, and 32);

      g.    reasonable attorneys' fees and costs of suit; (Complaint, Prayer for Relief at ¶ ¶ 8, 15 and 43);

      h.    liquidated damages; (Complaint, Prayer for Relief at ¶ 27); and

      i.    punitive damages (Complaint, Prayer for Relief at ¶ 42);

23. Plaintiff's Complaint alleges that Defendant maintained a "pattern and practice" of failing to pay minimum wage and overtime (Complaint ¶¶ 35, 37, 49, 76). However, the Complaint is devoid of any factual allegations relating to the specific practices that led to the alleged failure to pay minimum wage for certain hours worked, or the failure to compensate employees at the applicable overtime rate for work performed in excess of 8 hours in a day or 40 hours in a workweek. Assuming one hour of uncompensated time every other day, Plaintiff's claim would involve 2.5 hours of uncompensated time per week. Given that the Complaint alleges

that Plaintiff worked in excess of 8 hours per day and 40 hours per week it is reasonable to assume that the alleged uncompensated time would have been paid at the overtime rate 80% of the time (Complaint, ¶¶ 23, 35, 48).

24. The allegations of the Complaint lead to the reasonable assumption that the amount in controversy includes 30 minutes of unpaid minimum wage and 2 hours of unpaid overtime wages each week. The amount in controversy relating to Plaintiff's claims for uncompensated minimum wage and overtime (Counts 1 and 4) is $7,543, calculated as follows:

| Minimum wage | 2018= 30 minutes per week x $11 = $285  <br>2019= 30 minutes per week x $12 through May 11, 2019= $114  <br>Total= $399 |
|---|---|
| Overtime | 2 hrs. per week for 71 weeks x average overtime rate of $23.75= $3,372.50 |
| Liquidated Damages | $399 + $3,372.50= $3,771.50 |
| Total Minimum Wage and Overtime | $399 (Minimum Wage)+ $3,372.50 (Overtime) + 3,771.50 (Liquidated Damages) = $7,543.00 |

25. Plaintiff also does not specify the amount of damages sought for Defendant's alleged failure to provide required meal and rest breaks. However, the Complaint alleges that, as a "pattern and practice" Plaintiff was scheduled for more than 10 hours without receiving a second meal break. (Complaint, ¶¶ 56, 58, 60). Assuming a 50% violation rate for the meal period violations, the amount in controversy with respect to Plaintiff's claim for alleged violations of California Labor Code §§ 226.7 and 512(a) (Count 2) is $2,809.82.[1]

---

[1] 71 workweeks x 5 days x .5 violation rate (for at least one missed meal break) x avg. pay rate of $15.83 = $2,809.82.

26. Assuming a 50% violation rate for missed rest periods, the amount in controversy with respect to Plaintiff's claim for alleged violations of Violation of California Labor Code § 226.7 (Count 3) is $2,809.82.[2]

27. Plaintiff's Complaint also seeks waiting time penalties under California Labor Code § 203 (Count 6). California Labor Code provides that the penalty for a waiting time violation is equal to the employee's daily wages for up to a maximum of 30 days. The amount in controversy with respect to Plaintiff's waiting time claim is $4,068. (16.95 x 8 hrs. x 30).

28. Plaintiff's Complaint further seeks unspecified damages for Defendant's alleged failure to provide accurate written wage statements (Count 7). California Labor Code provides that employees who are furnished with improper wage statements may be entitled to receive the greater of actual damages or statutory penalties of $50 for the initial violation and $100 for each subsequent violation, not to exceed an aggregate of $4,000 per employee. Cal. Lab. Code § 226(e). The amount in controversy with respect the Plaintiff's wage statement claim is $4,000.

29. Without including statutory attorney fees, the amount in controversy with respect to the claims alleged in the complaint is **$21,230.64**.

30. While Plaintiff seeks an unspecified amount of attorneys' fees, such fees may also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)( "[A] court **must** include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.")(emphasis added)(internal quotation marks and citations omitted). The measure of fees is that which accrues until the action is resolved. *Simmons*, F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002).

---

[2] 71 workweeks x 5 days x .5 violation rate (for at least one missed rest break) x avg. pay rate of $15.83 = $2,809.82.

31.     Thus, the Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons,* 209 F.Supp.2d at 1035 (N.D. Cal. 2002) (noting attorneys' fees in individual employment discrimination cases often exceed damages, and holding that "while attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with . . . [other potentially recoverable damages], the jurisdictional minimum is clearly satisfied").

32.     The attorneys representing Plaintiff in this action have submitted numerous declarations in California state and federal courts attesting that the regular hourly rates for attorneys at Justice Law Corporation are currently over $525 per hour. According to a motion filed by Plaintiff's counsel on October 1, 2019 seeking the court's approval of settlement and attorney's fees in *Valencia v. Hill Phoenix, Inc.*, 2019 WL 9091846 (Cal. Super. 2019), Plaintiff's counsel's current hourly rates range between $525 and $600.[3]

33.     Moreover, the attorneys representing Plaintiff in this action have submitted numerous declarations in California state and federal courts attesting that, due in part to the novel and complex issues involved in wage and hour litigation, they have spent in excess of 1,000 litigating similar class action wage and hour cases through settlement, not including trial. *Valencia v. Hill Phoenix, Inc.*, 2019 WL 9091846 (Cal. Super. 2019)(792 hours worked; hourly rate between $525 and $600); *Hynick, et al. v. International City Mortgage, Inc.*, 2017 WL 1366530 (Cal. Super. 2017)(1,410.10 hours worked; $500.00 hourly rate); *Torrez et al. v. Freedom Mortgage Corp.*, 2018 WL 9490883 (Cal. Super. 2018)(1,752 hours worked; $527.00 hourly rate); *Kroll, et al. v. Regus Mgmt. Group, LLC*, 2017 WL 8812254 (Cal. Super. 2017)(2,727 hours worked; $500.00 hourly rate); *Carr, et al. v. American Security Prods. Co.*, 2017 WL 9989737 (Cal. Super. 2017)($500.00 hourly rate).

---

[3] (($525 + $600) ÷ 2)

10
DEFENDANT, ALLEN DISTRIBUTION, LP'S NOTICE OF REMOVAL

27526543.v1

GOLDBERG SEGALLA LLP
P.O. Box 17520
Los Angeles, CA  90017
949-271-3324

34.  It is reasonable to assume that Plaintiff's counsel will spend at least 150 hours of time litigating issues related to plaintiff's individual claims through trial. Conservatively, the amount in controversy with respect to the attorney fees at issue in relation to Plaintiff's individual claims is at least **$78,750**.[4]

35.  Therefore, the claims alleged, and recovery requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. §1332(a).

**WHEREFORE**, Defendant Allen Distribution, LP, removes the above-captioned action from the Superior Court of California in the County of San Joaquin, to the United States District Court for the Eastern District of California.

Dated:  August 26, 2020                              GOLDBERG SEGALLA LLP


By:    /s/ Matthew B. Golper
       MATTHEW B. GOLPER
       NOLAN MCCREADY

       Attorneys for Defendant
       ALLEN DISTRIBUTION, LP

---

[4] 525 x 150 = $78,750

# CERTIFICATE OF SERVICE

I hereby certify that on 26th day of August, 2020, I electronically filed **DEFENDANT, ALLEN DISTRIBUTION, LP'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S. C. § 1332(A) (DIVERSITY)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following person(s):

Douglas Han, Esq.  
Shunt Tatavos-Gharajeh, Esq.  
Arsine Grigoryan, Esq.  
Justice Law Corporation  
751 N. Fair Oaks Ave., Suite 101  
Pasadena, CA 91103  
Tel: (818) 230-7502  
Fax: (818) 230-7502  
dhan@justicelawcorp.com  
statavos@justicelawcorp.com  
agrigoryan@justicelawcorp.com  

*Attorneys for Plaintiff JANET UGALE, individually, and on behalf of other members of the general public similarly situated*

Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court whose direction the service was made.

Executed on August 26, 2020, at Irvine, California.

*/s/ Nora Martinez*  
Nora Martinez